IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

JOSEPH  TERRY and                :
THERESA CRAPANZANO,        :
                                        :
       Plaintiffs,              :
                                        :   CIVIL ACTION
v.                                    :   NO. 2:13-CV-64-WCO
                                        :
YOUNG HARRIS COLLEGE,      :
                                        :
       Defendant.           :

## ORDER

The captioned case is before the court for consideration of plaintiffs' objections to bill of costs [77].

Defendant prevailed on its motion for summary judgment and filed its bill of costs in the amount of $23,119.64. "Fed.R.Civ.P. 54(d) states that costs are 'allowed as of course' to the prevailing party." *Desisto College, Inc. v. Howey-in-the-Hills*, 718 F. Supp. 906, 910 (M.D. Fla. 1989), *aff'd,* 914 F.2d 267 (11th Cir. 1990). The prevailing party is "prima facie entitled to costs, and it is incumbent on the losing party to overcome that presumption." *Gilchrist v. Bolger*, 733 F.2d 1551, 1556-57 (11th Cir. 1984).

Absent statutory or contractual authorization to the contrary, federal courts must limit recoverable costs to the expenses explicitly set out in 28 U.S.C. § 1920.[1] *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). "[T]he discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 230 (1964). Plaintiffs object to the following three items on defendant's bill of costs: (1) $6,787.89 in "fees for electronically recorded transcripts necessarily obtained for use in the case"; (2) $559.14 in "fees for exemplification and copies of papers necessarily obtained for use in the case"; and (3) $15,772.61 in "other costs." Plaintiffs contend that none of these charges are supported by evidence and are not sufficiently explained or itemized.

More specifically, plaintiffs object to taxation of $121.00 for the transcript of the "Cathy Cox Meeting" because the meeting occurred over four months prior to any

---

[1] Under 28 U.S.C. § 1920, a judge may tax as costs, among other things, the following:

    (1) Fees of the clerk and marshal;

    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3) Fees and disbursements for printing and witnesses; [and]

    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.

28 U.S.C. § 1920.

depositions being taken in this case, and there is no explanation for the meeting. Defendant explains that plaintiffs provided defendant with an audiotape of an exchange between President Cox and plaintiff Crapanzano during a faculty meeting. Defendant had a certified court reporter transcribe the tape.  Both plaintiffs and defendant referred to the transcript of the meeting in their summary judgment briefs, and the court discussed the meeting in its order.  Because it cannot be disputed that the transcript was necessarily obtained for use in the case, taxation of this cost will be allowed.

Plaintiffs next object to taxation of costs for compressed and e-tran services in connection with plaintiffs' depositions. As plaintiffs point out, costs "merely incurred for convenience" of counsel are not recoverable.  *See United States Equal Emp't Opportunity Comm'n v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000).  Defendant explains, however, that there was no additional charge for compressed and e-tran services in the processing of plaintiffs' depositions due to the long-standing relationship between the court reporting agency and defendant's counsel. Because the deposition transcripts were used by the parties in their summary judgment briefs and by the court in its order, taxation of these charges will be allowed.

Plaintiffs then object to taxation of costs of videotaping plaintiffs' depositions because defendant did not provide plaintiffs with notice.  The Eleventh Circuit has

held that "when a party notices a deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465 (11th Cir. 1996) (internal footnote omitted).   Defendant acknowledges that it did not notice the videotaping of plaintiffs' depositions in its written notices of those depositions.  Defendant points out, however, that it did notify plaintiffs' counsel of the videotaping prior to the taking of the depositions as required by Federal Rule of Civil Procedure 30(b)(3)(B) and that plaintiffs did not object.

Even if this notification satisfied the notice requirement, the court finds that defendant has failed to adequately explain why it was necessary to obtain both regular transcripts and videotaped copies.  *See Perfect Web Techs., Inc. v. Infousa, Inc.*, No. 07-80286, 2009 WL 2407689, at *9 (S.D. Fla. Aug. 4, 2009) (declining to award costs for videotaped depositions because the movant failed to explain why both stenographically transcribed and videotaped copies of the depositions were necessary). Defendant's explanation, that videotaping was necessary to allow the jury at the trial to have a meaningful opportunity to assess the credibility of plaintiffs if their testimony at trial was different from their deposition testimony, is insufficient.  This

case did not pose any unusual circumstances such as uncooperative deponents or a risk

of deponents' not appearing at trial. *See State Farm Fire & Cas. Co. v. King Sports,*

*Inc.*, 841 F. Supp. 2d 1317, 1319 (N.D. Ga. 2012) (finding that the explanation for the

necessity of videotaping was sufficient where the party "had strong reason to suspect

that [a deponent] might fail to appear at trial" because the deponent was "very

uncooperative in communicating," failed to appear for one scheduled deposition, and

appeared late for another).  The court concludes that videotaped depositions were not

"necessarily obtained for use in the case." *Id.*  Accordingly, the court will disallow

taxation of $2,340.00 for videotaping plaintiffs' depositions.

Plaintiffs also object to taxation of the cost of copies of pleadings, orders, and

other documents because all original pleadings are filed electronically with the court

and are not required to be copied.  Copies of pleadings were not required to be served

and were not served on opposing counsel or the court.  In response, defendant explains

that the copies were provided to witnesses in investigating the case and in preparing

deponents for their depositions.  The court finds that these copies were obtained for

convenience of counsel in preparing for the case.  "Charges for extra copies and for

documents prepared for convenience, preparation, research, or for the records of

counsel are not taxable." *Fulton Federal Sav. & Loan Ass'n of Atlanta v. American*

*Ins. Co.*, 143 F.R.D. 292, 299-300 (N.D. Ga 1991). *See also Fressell v. AT&T Tech.,*

*Inc.*, 103 F.R.D. 111, 116 (N.D. Ga. 1984) (holding that the court "will not allow

photocopying charges for the convenience, preparation, research, or records of counsel"). Therefore, the court will disallow taxation of $536.62 for exemplification.

Plaintiffs further object to taxation of $22.57 for costs of copying an employment file for Joy Goldsmith ("Goldsmith"), a former employee who resigned her position at Young Harris College during the pendency of the case and took a position at the University of Memphis. In response, defendant states that, as part of its discovery, defendant subpoenaed Goldsmith's employment file from the University of Memphis to determine what representations she had made to the university with respect to her employment at Young Harris College and other matters relating to the case. Defendant explains that although documents from Goldsmith's file were not used in connection with its motion for summary judgment, they supplied background information for evaluation of the truthfulness of the assertions Goldsmith, a major witness in plaintiffs' case, made in the declaration she supplied to plaintiffs. The court finds that a copy of Goldsmith's employment file was obtained "for convenience, preparation, [and] research . . . [which] are not taxable." *Fulton Federal Sav. & Loan Ass'n of Atlanta*, 143 F.R.D. at 299-300. Accordingly, the court will disallow taxation of $22.57 for copying the employment file.

Plaintiffs then object to taxation of costs for forensic collection, analysis, sorting, selecting, numbering, and hosting electronic documents requested in discovery. Plaintiffs assert that defendant has failed to present any evidence as to why

a forensic collection of electronic documents was required or why, after the initial

collection of electronic documents was obtained, Xera hosting was required. Plaintiffs

contend that these costs must be disallowed because they were incurred as a time-

saving measure and for the ease of counsel in reviewing documents.  In response,

defendant points out that on November 22, 2013, plaintiffs' former counsel served

defendant with plaintiffs' First Request for Production of Documents to Defendant,

in which plaintiffs requested, among other things, to "[m]ake available for forensic

inspection all computers [and the email data base files relating to email accounts] used

between the dates of January, 2010 to the present day by [a list of] employees, agent,

and officials."  (Def.'s Resp. Ex. A.)  Defendant explains that following discussions

and negotiations with plaintiffs' former counsel, it agreed to conduct the forensic

inspection and provide the resulting discoverable documents to plaintiffs.[2] Defendant

asserts that it would never have incurred the costs of this electronic discovery and

---

[2]  More specifically, defendant states:

> The initial retrieval of emails pursuant to Plaintiffs' Requests 1 and 2 resulted in the retrieval of more than 900,000 emails.  Through the forensic use of keywords, that number was reduced to approximate[ly] 47,000 emails. . . . Defendant examined those emails in person to determine which were responsive to Plaintiffs' discovery requests, and produced the resulting documents to Plaintiffs.  That in-person electronic examination required the electronic hosting and numbering of the documents.  The original 47,000 emails were retained through electronic hosting in case the Plaintiffs should ask to examine them to determine if any of the documents not produced by Defendant were responsive to Plaintiffs' discovery requests.  Defendant instructed that the hosting cease when the Court's Order granting Defendant's Motion for Summary Judgment was entered.

(Def.'s Resp. 7.)

retention absent the agreement with plaintiffs' former counsel under which defendant conducted the search in response to plaintiffs' discovery requests that required forensic analysis of a number of defendant's computers. Moreover, the relevant documents ultimately resulting from the forensic analysis requested by plaintiffs were used extensively by the parties in their summary judgment briefs and were also cited by the court in its order. The court finds that costs for electronic collection, review, and hosting were not incurred for the mere convenience of counsel, and taxation of such costs will be allowed.

Plaintiffs' objection to taxation of costs of attempting to clarify an audiotape of a meeting between plaintiff Terry and his superiors is overruled. Plaintiff surreptitiously recorded the meeting that his superiors had offered to record openly at the outset. Defendant states that after plaintiffs produced a copy of garbled tape in response to its request for production, it sought to have it made audible by submitting it to two experts in "audio cleanup." Neither was able to provide an audible version of the tape for transcription. As both parties referred to this meeting in the summary judgment briefs and the court referred to it in its order granting summary judgment, the transcript of the audiotape would have been necessarily obtained for use in the case, and the costs of attempting to obtain an audible transcript of the tape is taxable.

Finally, plaintiffs request that the court use its discretion to require the prevailing party to bear its own costs because the costs requested by defendant

represent over half of plaintiffs' pretax household income. In support, plaintiffs state

that plaintiff Terry was unemployed for approximately a year after the termination of

his contract by defendant and that his current annual salary is $40,000. In addition

plaintiff Crapanzano is unemployed. The Eleventh Circuit has held that a non-

prevailing party's financial status is a factor that a district court may, but need not,

consider in its award of costs pursuant to Federal Rule of Civil Procedure 54(d).

*Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000). The Eleventh

Circuit explained:

> If a district court in determining the amount of costs to award chooses to
> consider the non-prevailing party's financial status, it should require
> substantial documentation of a true inability to pay. . . . Even in those
> rare circumstances where the non-prevailing party's financial
> circumstances are considered in determining the amount of costs to be
> awarded, a court may not decline to award any costs at all. . . . Subject
> to that restriction and to the requirement that there be clear proof of the
> non-prevailing party's dire financial circumstances before that factor can
> be considered, we leave it to the district court's discretion whether to do
> so in a particular case.

*Id.*

As defendant points out, plaintiffs have not shown that they are indigent.[3] *See*

*Harris v. Forsyth*, 742 F.2d 1277, 1278 (11th Cir. 1984) (holding that a court "may

choose not to tax costs against an indigent"). The court is not convinced that

plaintiffs' financial circumstances are dire. In addition, defendant has offered to

---

[3] Defendant also asserts that plaintiff Crapanzano is unemployed by choice because she is working on her Ph.D.

accept the partial payments provided in the procedure for collection of judgments through Terry's employer.  Defendant presents that such payments are protected from being excessive by federal law.  Therefore, the court will not require each party to bear its own costs.

For all the foregoing reasons, the court hereby **OVERRULES in part and SUSTAINS in part** plaintiffs' objections to defendant's bill of costs [77].  More specifically, the court will disallow $2,340.00 for videotaping plaintiffs' depositions, $536.62 for exemplification of certain documents, and $22.57 for a copy of Goldsmith's employment file.  Accordingly, defendant's bill of costs shall be reduced to $20,220.45.

**IT IS SO ORDERED**, this 28th day of April, 2015.

s/*William C. O'Kelley*

WILLIAM C. O'KELLEY
Senior United States District Judge